**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION AT LEXINGTON**

| | |
|---|---|
| **MICHAEL CONRAD REID** | **CIVIL ACTION NO. 5:23-CV-201-KKC** |
| **Plaintiff,** | |
| **V.** | **OPINION AND ORDER** |
| **SCOTT COUNTY DETENTION CENTER,** et al. | |
| **Defendants.** | |

This matter is before the Court on the motion to dismiss (DE 15) filed by Derran Broyles, jailer of the Scott County Detention Center, and eight other employees of the Scott County Detention Center, all of whom are sued in the individual and official capacities.

With his complaint, plaintiff Michael Conrad Reid alleges that in June 2022 he was being detained pretrial at the Scott County Detention Center. He alleges that defendant Southern Health Partners, Inc. provides health services at the detention center. On June 30, 2022, he had pain in his lower abdomen and testicles. He alleges that employees of the detention center and Southern Health denied him adequate medical care until July 2, 2022, when he was treated at Georgetown Community Hospital and advised that he had a massive infection that required aggressive antibiotic treatment. He was eventually transported to Norton Hospital in Louisville, Kentucky, where he spent three weeks receiving treatment for sepsis, cellulitis, complex septated hydrocele, pyocele, and a tear in the testicle and testicle tube.

He asserts claims against Jailer Broyles and eight other employees of the Scott County Detention Center and against Southern Health Partners, Inc. and two of its employees. He asserts claims against all defendants under 42 U.S.C. § 1983 for violation of his constitutional rights to adequate medical care. He also asserts claims against Jailer Broyles and Defendant Carla

Cannon, captain of the Scott County Detention Center, under 42 U.S.C. § 1983 for supervisory liability.

Captain Cannon moves to dismiss the claim for denial of adequate medical care against her and both Jailer Broyles and Captain Cannon move to dismiss the claim for supervisory liability against them.

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the "factual allegations in the complaint must be regarded as true." *Scheid v. Fanny Farms Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quoting *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir. 1983)). Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 555 (2007).

Nevertheless, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal citations omitted). To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face" and to nudge his claim "across the line from conceivable to plausible." *Id.* at 570.

As to Reid's claim under 42 U.S.C. §1983 for violation of his constitutional rights to adequate medical care while in custody, at the time of the relevant events, he was a pretrial detainee. Thus, his inadequate medical care claim arises under the Due Process Clause of the

2

Fourteenth Amendment. *Helphenstine v. Lewis Cnty., Kentucky*, 60 F.4th 305, 315 (6th Cir. 2023), *cert. denied*, 144 S. Ct. 692 (2024).

A plaintiff must make sufficient allegations to support the following for an inadequate-medical-care claim under the Fourteenth Amendment: (1) that the plaintiff had a sufficiently serious medical need and (2) that each defendant "acted deliberately (not accidentally), [and] also recklessly 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Id.* at 315-16 (quoting *Brawner v. Scott Cnty., Tennessee*, 14 F.4th 585, 596 (6th Cir. 2021). This standard is "something akin to reckless disregard." *Brawner*, 14 F.4th at 596 ("[T]he pretrial detainee must prove that the defendant-official acted [or failed to act] intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety.")

Plaintiffs have named numerous defendants, including numerous employees of the Scott County Detention Center. On a motion to dismiss, however, the Court must focus on the allegations made against the defendants making the motion. "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

As to defendant Cannon, the complaint alleges only that she was captain of the detention center during the relevant time period and that she is liable as a supervisor. Reid does not allege that Cannon herself took any actions depriving Reid of medical care. Reid concedes in response to the motion to dismiss that "he lacks knowledge of facts sufficient to establish a claim against

3

Cannon "not based upon Captain Cannon's supervisory role." (DE 21, Mem. 3.) Accordingly, the claim against Cannon for failure to provide adequate medical care (Count 1) will be dismissed.

As to the claim against Cannon and Broyles based upon their supervisory positions (Count 2), "[s]ection 1983 liability will not be imposed solely upon the basis of respondeat superior." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Reid must allege that Cannon and Broyles "encouraged the specific incident of misconduct or in some other way directly participated in it." *Id*. At a minimum, he must allege that these defendants "at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Id*.

Reid does not allege Cannon directly participated in the alleged constitutional violations. He does not allege that Cannon was even present for the alleged unconstitutional conduct. Reid does allege that Broyles himself took actions that deprived Reid of adequate medical care. He alleges that Broyles was notified that Reid needed to be transported from the Georgetown hospital to the Louisville hospital but refused to transport Reid against medical advice. That conduct, however, forms the basis for Reid's claim against Broyles for depriving him of adequate medical care. It is not the basis for his claim against Broyles for supervisory liability.

For the supervisory claim, Reid asserts that Cannon and Broyles are liable based on their "respective failures to adequately train, supervise, or discipline their employees or independent contractors." (DE 1, Complaint, ¶ 99.) "[A] supervisor cannot be held liable simply because he or she was charged with overseeing a subordinate who violated the constitutional rights of another." *Peatross v. City of Memphis*, 818 F.3d 233, 241 (6th Cir. 2016). "A supervisory official's failure to supervise, control or train the offending individual is not actionable *unless* the

4

supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Id*. at 242 (quotations, brackets and citation omitted). Reid does not allege any facts from which it could be inferred that Cannon or Broyles encouraged the alleged unconstitutional conduct of others or implicitly authorized, approved or knowingly acquiesced in such conduct of others. Reid does not allege that either Cannon or Broyles were even aware of any of the alleged unconstitutional conduct by other jail employees or by Southern Health employees.

Further, as to the failure to train employees, neither Cannon nor Broyles can be liable in their individual capacities under § 1983 for a failure to train law enforcement officers. Such a claim "improperly conflates a § 1983 claim of individual supervisory liability with one of municipal liability." *Harvey v. Campbell Cnty.*, Tenn., 453 F. App'x 557, 563 (6th Cir. 2011) (quoting *Phillips v. Roane Cnty., Tenn.*, 534 F.3d 531, 543 (6th Cir. 2008)).

Accordingly, the Court will dismiss the supervisory liability claim against Cannon and Broyles in their individual capacities.

Finally, the Court will treat all claims against all of the employees of the Scott County Detention Center in their official capacities as claims against Scott County. This is because "[a] suit against an individual 'in his official capacity' is "essentially a suit brought directly against the local government unit." *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1245 (6th Cir.1989). A § 1983 action "normally should be brought against either or both of two defendants: the local public official in his individual capacity and the local government which employs or is sought to be held responsible for the acts of that public official." *Id*. at 1244-45. "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity ." *Kentucky v.*

5

*Graham*, 473 U.S. 159, 166 (1985). "There is no longer a need to bring official-capacity actions against local government officials. . . . " *Id*. at 167 n. 14.

There is no evidence in the record, however, that Reid has served the county with a copy of this complaint as required under the Federal Rules of Civil Procedure. Reid filed the complaint on June 30, 2023. The county has not filed a response. Pursuant to Federal Rule of Civil Procedure 4(m), if the plaintiff does not serve a defendant within 90 days of the complaint being filed, the Court, after notice to the plaintiff, must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service. Accordingly, the Court will order that, if Reid wishes to assert a claim against the county, within 21 days from the entry of this order, he must file a motion to extend the time for service under Rule 4(m). *See Savoie v. City of E. Lansing, Michigan*, No. 21-2684, 2022 WL 3643339, at *5 (6th Cir. Aug. 24, 2022). If he fails to file such a motion, the Court will dismiss the claim against the county.

For all these reasons, the Court hereby ORDERS as follows:

1) the motion to dismiss filed by the Scott County Detention Center employees is GRANTED as follows:

   a) the claim for in adequate medical care against defendant Carla Cannon in her individual capacity in Count 1 of the complaint is DISMISSED;

   b) the claims for supervisory liability against Carla Cannon and Derran Broyles in their individual capacities in Count 2 are DISMISSED; and

   c) the claims against all the Scott County Detention Center employees in their official capacities are DISMISSED. These claims will be treated as claims against the County;

6

2) if Reid wishes to assert a claim against the county, within 21 days from the entry of this order, he must file a motion to extend the time for service under Rule 4(m). *See Savoie v. City of E. Lansing, Michigan*, No. 21-2684, 2022 WL 3643339, at *5 (6th Cir. Aug. 24, 2022). If he fails to file such a motion, the Court will dismiss the claim against the county.

This 13th day of September, 2024.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY