UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| **MICHAEL CONRAD REID**  **Plaintiff,**  V.  **SCOTT COUNTY DETENTION CENTER, et al.**  **Defendants.** | **CIVIL ACTION NO. 5:23-CV-201-KKC**  **OPINION AND ORDER** |

    This matter is before the Court on the motion for summary judgment (DE 24) filed by Defendant Southern Health Partners, Inc. and two of its employees.

    With his complaint, plaintiff Michael Conrad Reid alleges that in June 2022 he was being detained pretrial at the Scott County Detention Center. He alleges that defendant Southern Health provides health services at the detention center. On June 30, 2022, he had pain in his lower abdomen and testicles. He alleges that employees of the detention center and Southern Health denied him adequate medical care until several days later, when he was treated at Georgetown Community Hospital and advised that he had a massive infection that required aggressive antibiotic treatment. He was eventually transported to Norton Hospital in Louisville, Kentucky, where he spent three weeks receiving treatment for sepsis, cellulitis, complex septated hydrocele, pyocele, and a tear in the testicle and testicle tube.

    He asserts claims against employees of the Scott County Detention Center and against Southern Health and two of its employees who worked at the detention center: nurses Latosha Jordan and Edna Harrison. He asserts claims against all defendants under 42 U.S.C. § 1983 for violation of his constitutional rights to adequate medical care.

At the time of the relevant events, Reid was a pretrial detainee. Thus, his inadequate medical care claim arises under the Due Process Clause of the Fourteenth Amendment. *Helphenstine v. Lewis Cnty., Kentucky*, 60 F.4th 305, 315 (6th Cir. 2023), *cert. denied*, 144 S. Ct. 692 (2024).

A plaintiff must make sufficient allegations to support the following for an inadequate-medical-care claim under the Fourteenth Amendment: (1) that the plaintiff had a sufficiently serious medical need and (2) that each defendant "acted deliberately (not accidentally), [and] also recklessly 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Id.* at 315-16 (quoting *Brawner v. Scott Cnty., Tennessee*, 14 F.4th 585, 596 (6th Cir. 2021). This standard is "something akin to reckless disregard." *Brawner*, 14 F.4th at 596 ("[T]he pretrial detainee must prove that the defendant-official acted [or failed to act] intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety.")

There is no dispute that Reid had a sufficiently serious medical need. He asserts he woke up on July 1, 2022 with "excruciating pain in both testicles, [his] abdomen, and [his] groin area." He asserts that his testicles were about the size of tennis balls. The following day he was "extremely nauseous, immobilized, and unable" to control his urination. His testicles were the size of softballs, and he had a fever and passed out. He alleges that, later that day when, when nurse Jordan examined him, his "testicles were so swollen you could barely see the head of [his] penis." (DE 25-1, Aff.)

2

In their brief, Southern Health disputes the severity of Reid's symptoms; and they submit medical treatment notes as evidence. Reid does not dispute the authenticity of the notes, but they are largely illegible without any explanatory affidavits or testimony.

Regardless of Reid's precise symptoms, however, Southern Health and the nurses do not dispute that Reid had a serious medical need. They argue that judgment should be entered in their favor, however, because Reid admitted in his discovery responses that he will not submit expert testimony that the care and treatment by the nurses caused Reid's injury or that the care and treatment by the nurses deviated from accepted standards of medical or nursing care. (DE 24-9, Admissions.) Southern Health argues that, without such expert testimony, Reid cannot prove the nurses acted recklessly in the face of an unjustifiably high risk of harm that was either known or so obvious that it should be known.

Reid responds that his medical need was "obvious," so he does not need expert testimony. Again, however, Southern Health does not dispute that Reid had a sufficiently serious need for medical care. It disputes whether the medical care that the nurses provided was reckless.

This is not a case where the medical care providers offered no medical treatment to the detainee. According to Reid's affidavit, he first reported his symptoms on June 30, 2022 and was transported to the hospital on July 2, 2022. (DE 25-2, Aff.; DE 1, Complaint.) The legible portions of the treatment notes submitted by Southern Health show that, over the course of the several days before he was transported to the emergency room, the nurses examined Reid multiple times; prescribed Tylenol to be taken for three days (DE 24-3; 24-4); ordered a urinalysis (DE 24-4); and prescribed additional Tylenol and an antibiotic to be taken for ten days (DE 24-4). In his affidavit, Reid does not dispute that the nurses provided the medical care

3

described in the treatment notes before determining that he should be transported to the emergency room.

In the Eighth Amendment context, the Sixth Circuit has stated, "[W]hen an inmate has received on-going treatment for his condition and claims that this treatment was inadequate," the plaintiff must submit "medical proof that the provided treatment was not an adequate medical treatment of [the inmate's] condition or pain." *Rhinehart v. Scutt*, 894 F.3d 721, 737 (6th Cir. 2018) (quoting *Santiago v. Ringle*, 734 F.3d 585, 591 (6th Cir. 2013). "This will often require expert medical testimony showing the medical necessity for the desired treatment and the inadequacy of the treatments the inmate received." *Id*. "The plaintiff also must place verifying medical evidence in the record to establish the detrimental effect of the inadequate treatment." *Id*. (internal quotations and citation omitted.)

Here, the nurses provided Reid medical care. The questions for a jury would be whether the care they provided was reckless, including whether they recklessly delayed in ordering that Reid be transported to a hospital; and whether their actions or the delay in hospital treatment caused Reid to suffer damages. The jury would not have sufficient evidence to make those determinations in Reid's favor without expert testimony.

For all these reasons, the Court hereby ORDERS that the motion for summary judgment (DE 24) filed by Southern Health Partners, Inc., Latosha Jordan, and Edna Harrison is GRANTED.

This 16th day of September, 2024.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY